UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

THOMAS LOBBE, EDWIN VEGA, ANTHONY
COLON, RUBEN DEJESUS, WILLIAM
GILBERT GARVIN, and DION PEMBERTON,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

  -against-

CABLEVISION SYSTEMS NEW YORK CITY
CORPORATION, CABLEVISION SYSTEMS
CORPORATION, CSC HOLDINGS, LLC,
ALTICE USA, and ALTICE TECHNICAL
SERVICES USA,

        Defendants.

------------------------------------------------------------ X

Civil Action No. 1:16-cv-02207-AKH



## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE COLLECTIVE ACTION SETTLEMENT

This matter came before the Court on the application of Plaintiffs Thomas Lobbe, Edwin Vega, Anthony Colon, Ruben DeJesus, William Gilbert Garvin, and Dion Pemberton (collectively, "Named Plaintiffs") for preliminary approval of the settlement between Plaintiffs and Defendants Cablevision Systems New York City Corporation, Cablevision Systems Corporation, CSC Holdings, LLC, Altice USA, Inc., and Altice Technical Services US Corp. ("Defendants" or "Cablevision", collectively with the Named Plaintiffs, the "Parties") as set forth in the Settlement Agreement submitted to this Court. The Court having considered all papers filed and proceedings had herein and having otherwise been fully informed of the premises and good cause appearing therefore, it is on this 11 day of January, 2018, 2019

**IT IS HEREBY ORDERED THAT:**

1

I. **Background**

1. For purposes of this Order, the Court adopts and incorporates the definitions as set forth in the Settlement Agreement executed by the Parties and filed with this Court.

2. The Settlement Agreement settles claims for 83 members of the FLSA Collective (the "Collective" or "Plaintiffs"), who had submitted a Consent to Join Form to participate in this lawsuit prior to the Parties entering into the Settlement Agreement. The Settlement Agreement also settles the supplementary NYLL law claims for each of the 83 members of the FLSA Collective.

3. The Plaintiffs allege that Cablevision purportedly violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for reasons set forth in the Second Amended Complaint.

II. **Preliminary Settlement Approval**

4. Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Collective Action Settlement; the Declaration of Christopher Q. Davis ("Davis Declaration"); and all corresponding exhibits and papers submitted in connection with the Motion, the Court grants preliminary approval of the Settlement Agreement made and entered into on or about August 31, 2018, by and between the Named Plaintiffs, individually and on behalf of the Collective, as defined above, and Defendants.

5. All 83 Plaintiffs who submitted a Consent to Join Form with this Court are encompassed within the above definition of the Collective and are eligible to participate in this Settlement.

6. The Parties agreed to settle this case for a Gross Settlement Amount of up to one-million four-hundred thousand dollars ($1,400,000.00). The "Net Settlement Fund" means the

2

remainder of the Gross Settlement Amount after deductions for: (1) Court-approved attorneys' fees for Class Counsel of two-hundred thousand dollars ($350,000) [*inclusive of expenses and costs*], representing twenty-five percent (25%) of the Gross Settlement Amount, ~~and actual costs not to exceed thirty-five thousand dollars ($35,000)~~; (2) Court-approved Service Awards not to exceed eighty-five thousand dollars ($85,000) to be divided between Thomas Lobbe, Edwin Vega, William G. Garvin, Anthony Colon, Ruben DeJesus, Dion Pemberton, Karl Hughes, Levar Graneau, Michael Roseborough, William Graham, Neville McFarlane, and Miguel Almonte [*as provided in section 3 of the Revised Settlement Agreement*]; and (3) standard employer-side tax obligations, including the Employer Federal Insurance Contributions Act (FICA) amount, as specified in the Settlement Agreement.

[ACC]

7. The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988).

8. The Court concludes that the Settlement Agreement is within the range of possible final settlement approval, such that preliminary approval and subsequent notice to the Collective is appropriate. *See Diaz v. Eastern Locating Serv., Inc.*, No. 10 Civ. 4082, 2010 WL 2945556, at *1 (S.D.N.Y. July 22, 2010); *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).

9. The Court finds that the proposed settlement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour class action lawsuits.

## VII. Settlement Notice and Settlement Procedure

10. The Court approves the Notice of Proposed Settlement of Collective Action

3

Lawsuit (the "Settlement Notice") and directs their distribution to all Plaintiffs.

11. For purposes of settlement only, the Court finds that the proposed Settlement Notice satisfies the requirements of the FLSA. Section 216(b) of the FLSA states in relevant part that:

> (a)n action...may be maintained...in any Federal or State court of competent jurisdiction by any one or more employees for an on behalf of himself or themselves and other employees similarly situated. No employee shall be a participating plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

12. The Court hereby adopts the following settlement approval process:

   a. Within ten (10) business days following [Class Counsel ~~the Court's~~] entry of the Preliminary Approval Order, Defendants shall provide ~~the Administrator~~ [Class Counsel] with a class contact list, in electronic form, that includes names, postal addresses, and email addresses of the Plaintiffs as reflected in Defendants' personnel records.

   b. Within ten (10) calendar days following its receipt of the list of the Plaintiffs set forth in 12(a) above, ~~the Administrator~~ [Class Counsel] will e-mail and mail to Plaintiffs, via First Class United States Mail, postage prepaid, the Court-approved Settlement Notices.

   c. On or before the applicable Settlement Notice Response Deadline, as defined in Section 1.25 of the Settlement Agreement, a Plaintiff's Objection, if any, must be completed and postmarked.

   d. The Administrator will stamp the receipt date on the original of each Objection that it receives and shall send copies to Counsel within one (1) business day of receipt. Class Counsel shall file the date-stamped objections, if any, with the Court as part of Plaintiffs' Final Approval Motion. Counsel shall file with the Court written responses, if any, to any filed objections as part of Plaintiffs' Motion for Final Approval.

   e. No later than fifteen (15) calendar days after the Settlement Notice Response Deadline, or pursuant to a schedule set by the Court, Plaintiffs will submit a Motion for Judgment and Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and the Service Payments.

4

 f. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

 g. Each Plaintiff will have ninety (90) calendar days from the date on which the Settlement Distribution Checks are mailed to negotiate his or her settlement check(s).

 h. The "Effective Date" shall be the later of: (i) if an appeal has been filed from the order of the Court granting Final Approval, the date on which the appeal and any subsequent proceedings are fully and finally disposed of; or (ii) if no appeal is filed, thirty-five (35) calendar days following the date of Final Approval.

 i. No more than ten (10) business days after the Effective Date, Defendants shall transfer the Gross Settlement Amount to the Qualified Settlement Fund.

 j. No more than twenty-one (21) calendar days after the Effective Date, the Class Counsel shall mail Settlement Distribution Checks to the Plaintiffs, mail the attorneys' fees and costs to Class Counsel, and mail service awards approved by the Court.

13. The Court preliminarily approves the settlement and finds that it was reached as a result of vigorously contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353 n.8

SO ORDERED:

_____
Hon. Judge Alvin K. Hellerstein

Date: Jan 11, 2019

5