UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
THOMAS LOBBE, EDWIN VEGA, ANTHONY :
COLON, RUBEN DEJESUS, WILLIAM : **ORDER GRANTING REQUEST**
GILBERT GARVIN, and DION PEMBERTON, : **FOR RETURN OF SETTLEMENT**
individually and on behalf of all others similarly : **OVERPAYMENT**
situated, and KESTER CHARTER, KESTER :
COUTAIN, MELVIN ENCARNACIÓN, JAMAL : 16 Civ. 2207 (AKH)
HOWELL, and JUAN VALDEZ, :
:
                        Plaintiff, :
  -against- :
:
CABLEVISION SYSTEMS NEW YORK CITY :
CORPORATION, CABLEVISION SYSTEMS :
CORPORATION, CSC HOLDINGS, LLC, :
ALTICE USA, and ALTICE TECHNICAL :
SERVICES USA, :
:
                        Defendants. :
:
-------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        This collective action brought under the Fair Labor Standards Act ended in a settlement, which I approved on January 11, 2019. *See* ECF Nos. 176, 184. Section 8.3 of the settlement agreement provided that this Court would retain jurisdiction over, *inter alia*, disputes arising under the agreement. ECF No. 183-1, at § 8.3. On June 1, 2020, Defendants submitted a letter to the Court stating that Marlon Gayle, an opt-in plaintiff to the class settlement, *see id*. at § 1.A.1.13, "as a result of an error in the administration of the settlement payment," received an overpayment of $16,037.86. *See* ECF No. 188, at 1. The error was due to another employee of Defendants having "the same first name, same middle initial, and same last name as Mr. Gayle." *Id*. at 2. Both Plaintiffs' counsel and Defendants' counsel thereafter asked Mr. Gayle to refund the overpayment so that the funds could be redistributed to the class, but he refused to comply and likewise refused all attempts at compromise. *See id*. at 2-4.

On June 3, I ordered Gayle to "show cause … why a judgment in the amount of the overpayment, plus fees, interest, and costs, should not be ordered against him." *See* ECF No. 189.  On June 16, Gayle submitted a letter to the Court, *pro se*, which, in relevant part, conceded that he had been "confused with another Marlon Gayle."  ECF No. 191, at 3.[1]  Although Gayle's letter takes issue with certain representations made by Defendants—*e.g.*, Defendants' claim that Gayle used part of the overpayment to pay for a vacation—Gayle does not meaningfully dispute that he did in fact receive an overpayment in the amount alleged.

On June 25, Defendants filed a letter notifying the Court that the parties had "reached an agreement in principle" as to repayment.  ECF No. 190.  However, the parties were never able to memorialize the settlement in writing and their agreement fell apart.  Accordingly, on July 31, 2020, Defendants submitted a letter reflecting that it appeared that Mr. Gayle "does not intend to cooperate in the resolution of this issue," and asking the Court to enter a judgment in the amount of the overpayment, plus fees, interest, and costs.  ECF No. 192.

Having considered the submissions of Defendants and Mr. Gayle, I order Mr. Gayle to make the requested repayment to Defendants of $16,037.86, plus interests, fees, and costs.  Defendants are instructed to submit a proposed order of judgment within 14 days of the issuance of this order, which proposed order shall give Gayle 10 days from the date of issuance to make the repayment in full.

SO ORDERED.

Dated:  August 3, 2020  _____/s/_____
        New York, New York            ALVIN K. HELLERSTEIN
                                      United States District Judge

---

[1] The letter was dated June 16, 2020, but not docketed until June 26, 2020.