LAW OFFICE OF ANGEL ANTONIO CASTRO, III, ESQ.

300 East 95th Street, Suite 172
New York, NY 10128
www.AAC3CLAN.com
www.CNYabogado.com

Phone: 347-762-6334
Fax: 212-731-0217
Email: Angel@aac3clan.com

September 14, 2020

Via ECF
Hon. Alvin K. Hellerstein
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Lobbe et. al. v. Cablevision System Corporation et. al.,
No. 1:16-cv-02207 (AKH)

Dear Judge Hellerstein,

    My firm has been retained to represent Marlon Gayle with regard to the application by the Defendants related to the purported "Overpayment" and the subsequent Judgment granted by this Court. My understanding is that the parties have been directed to appear for a telephonic conference on September 21, 2020 at 2:00 PM. I plan to appear at said conference on behalf of Mr. Gayle.

    Further, given Mr. Gayle's pro se status when opposing the aforementioned application by the Defendants and the need to correct errors of law and/or fact to prevent manifest injustice, I respectfully request on behalf of Mr. Gayle, that the upcoming conference also serve as a pre-motion conference and that leave be granted to allow Mr. Gayle to file a motion (1) for re-argument and/or reconsideration of the aforementioned application by the Defendant resulting in the Judgment at issue against Mr. Gayle; (2) for an order Vacating said Judgment; (3) for an order striking the pro se filings by Mr. Gayle; (4) for an order staying enforcement of the judgment pending motion for re-argument and/or appeal therefrom; and (5) any further relief deemed appropriate by the Court.

    Based upon a review of the record, including Defendant's June 1, 2020 letter application regarding overpayment (ECF Doc. No. 188), it appears that said application was disingenuous when presenting the relevant facts. Specifically, counsel for the Defendant states (without citation to any document) that pursuant to the parties'

agreement, Mr. Gayle was only entitled to a gross amount of $2,891.63 (ECF Doc. No. 188, page 1, second to last paragraph). Nowhere in the settlement agreement does it state that Mr. Gayle was only entitled to $2,891.63 in settlement of his claims. Instead, the agreement states that each Plaintiff shall receive payment in the amount of his/her Pro Rata Share and that Class Counsel is responsible for calculating each Plaintiff's Pro Rata Share (ECF Doc. No. 183-1, page 9, paragraphs 3.4.A and 3.5.A). The calculations by class counsel listing each Plaintiffs' settlement share was also presented to the Court for approval and that documents lists Mr. Gayle's share of settlement as $18,399.85 (ECF Doc. No. 183-2, page 12, second to last name on chart). It is also important to note that there is only one Marlon A. Gayle listed as a Plaintiff and entitled to payment pursuant to the parties' settlement agreement. It is also unclear how exactly the plaintiffs' shares were calculated nor what fees or deductions were taken out of each respective share.

Further, the Defendants' counsel's investigation results are also troublesome, in that no evidence to support their conclusions has been presented for review by the Court nor Mr. Gayle. In fact, the claims made by Defendants' counsel can only lead to a finding that they failed to include a necessary party when making their application regarding overpayment, namely, class counsel. Specifically, Defendants state their investigative findings led them to believe it was class counsel that mistakenly combined data for Mr. Gayle and, a non-party to this litigation that shared Mr. Gayle's name, this allegedly led to a greater hourly rate of pay and credited time in the class period (ECF Doc. No. 188, page 2, paragraph 1). It is not clear why Defendant's would provide data to class counsel for a non-party to this litigation nor has any evidence been submitted to support any finding for the exact amount owed.

Counsel for the Defendants also highlights that their investigation led them to believe that Mr. Gayle received two checks in connection with the settlement, one of which reflected an address that did not belong to Plaintiff Mr. Gayle and that Mr. Gayle nonetheless cashed both (ECF Doc. No. 188, page 2, paragraph 2). However, this statement is very misleading. Upon information and belief, based on discussions with Mr. Gayle, every Plaintiff that was given payment in settlement received same by two

separate checks and the any difference in address was reasonably overlooked. The amount of the two checks ($9,464.74 and $5,683.20) do not indicate any impropriety by Mr. Gayle or that one of those checks was meant for another party or person. Those check amounts reflect what Mr. Gayle was told he would receive as settlement.

Counsel for the Defendants also referenced communications between class counsel and Mr. Gayle, alleging that after discovery of the purported "Overpayment," class counsel asked Mr. Gayle to return the full amount. This allegation is also not supported by any evidence and if evidence is provided, may result in a finding of ethical impropriety, namely, that Mr. Gayle was contacted by an attorney in an adversarial context without any warning that he should retain or consult his own counsel (ECF Doc. No. 188, page 2, paragraph 3). This is even more cause to deem class counsel a necessary party to Defendants' application regarding the purported overpayment.  Upon information and belief, based on discussions with Mr. Gayle, he was contacted by class counsel with threats of criminal action against him related to the purported overpayment and that he was also contacted by counsel for the Defendants, through his employer, in an attempt to compel him to repay the monies he received as a result of an extensively negotiated settlement approved by this Court.

According to the New York Rules of Professional Conduct, governing lawyers admitted in New York State, an attorney may not "settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking, and is given a reasonable opportunity to seek, the advice of independent legal counsel in connection therewith." See, Rule 1.6 (h)(2). Thus, it appears class counsel may have violated the Rules of Professional Conduct when communicating with Mr. Gayle. Also, Rule 4.3 appears to have been violated by Counsel when communicating with Mr. Gayle. For these reasons, Mr. Gayle's response to the Order to Show Cause should be stricken as he was not afforded the opportunity to seek independent counsel and class counsel had an obvious conflict of interest.

With regard to the legal authorities cited to by the Defendants' counsel, the cases *United States ex rel. Ryan v Staten Island Univ. Hosp.*, 2011 U.S. Dist. LEXIS 51648 (EDNY May 13, 2011); *Cohen v. City Co. of New York*, 283 N.Y. 112 (1940); and *Aaron Ferer & Sons, ltd. v. Chase Manhattan Bank, N.A.*, 731 F.2d 112 (2d Cir. 1984) may not be on point here. First, there is a standing issue. Here, the funds allegedly overpaid by the Defendants to Mr. Gayle do not belong to the Defendants and instead were drawn from funds set aside to compensate the class in the underlying action. Thus, the Defendants must be deemed to have failed to meet the first element in their attempt to establish a prima facie claim.

Second, even if standing was not an issue here, the Defendants should not be able to recover because "circumstances exist which make such recovery inequitable." *Hathaway v. Delaware County*, 185 N.Y. 368, at 371 (1906). Where a defendant has "changed its position to its detriment in reliance upon the mistake so that requiring that it refund the money paid would be 'unfair,' recovery has been denied." *Paramount Film Distrib. Corp.*, 30 N.Y.2d at 422; Ball, 202 N.Y. at 254 (also cited by the Defendants here); see also, *Banque Worms v. BankAmerica Int'l*, 77 N.Y.2d 362. Here, upon information and belief, Mr. Gayle changed his position when he used the settlement funds to pay off debts and made investments into starting his own pre-pandemic business in reliance that the funds were actually his to spend and he does not now have the funds available to pay them back. To require him to pay back these funds, by lump sum or even on a payment plan, would create an undue burden on Mr. Gayle, especially in light of the current pandemic where there is an overwhelming existence of economic turmoil and uncertainty in the United States.

Third, if Mr. Gayle did not himself receive the payments at issue, he must not be required to make restitution. See, *Excalibur Systems, Inc. v. Aerotech World Trade, Ltd.*, No. 98-CV-1931 (JG), 1999 WL 1281496, at *2 (E.D.N.Y. Dec., 30, 1999). Here, the Judgment (ECF Doc. No. 197) calls for repayment of an overpayment in the amount of $16,037.86, however, Mr. Gayle only received a settlement payment through two checks in the amounts of $9,464.74 and $5,683.20, totaling $15,147.94. Thus, even if Mr. Gayle

was only entitled to $2,891.63 in the underlying settlement, the highest possible amount of an alleged overpayment would be $12,256.31 ($15,147.94 - $2,891.63) and it would be unjust to allow the Defendants to recover amounts Mr. Gayle never received or that he was actually entitled to under the settlement.

Finally, given the misleading statements, as well as potential ethical violations by counsel, it would be unjust to reward that behavior with an award of counsel fees. If there was indeed an overpayment, it was the result of class counsel's and Defendants' counsel's negligence. Defendants come with unclean hands and should not be rewarded for same.

There are significant issues of fact that are outstanding and merit a hearing, including: the methods used by class counsel in calculating settlement amounts and attorney's fees; the missing amounts that were purportedly paid but never received by Mr. Gayle; the potential ethical misconduct by counsel when communicating with Mr. Gayle while he was an unrepresented party; the true owners of the funds used to pay out Plaintiffs in settlement of the underlying action when said funds were set aside to compensate members of the class in the underlying action or whether Defendants even have standing to make an application for return of any purported overpayment; whether it would be unjust to require Mr. Gayle to repay any amounts purportedly overpaid; and whether class counsel must be included as a necessary party to Defendants' application to recover any purported overpayment.

In conclusion, based on all of the above, this Court must, in the interests of justice, vacate the Judgment against Mr. Gayle and grant the relief requested herein above.

Respectfully Submitted,

_____
Angel Antonio Castro, III, Esq.

CC:
Via ECF - Counselors of Record
Seyfarth Shall LLP, Counsel for Defendants